UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LORI FRIES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY, et al.,<br><br>　　　　Defendants. | 3:08-cv-00559-LRH-VPC<br><br>ORDER |

Before the court is defendant State Farm Mutual Automobile Insurance Company's ("State Farm") motion for summary judgment filed on December 7, 2009. Doc. #25[1]. Plaintiff Lori Fries ("Fries") filed her response on January 11, 2010. Doc. #30. Thereafter, State Farm filed a reply on February 1, 2010. Doc. #33.

**I.    Facts and Procedural History**

On June 30, 2006, Fries was involved in an automobile accident. Fries was stopped at a light when another vehicle ran into her. As a result of the collision, she suffered serious injuries. The other driver was held at fault and Fries received the $25,000 maximum for the other driver's bodily injury coverage. At the time of the accident, Fries had an automobile insurance policy through State Farm containing $250,000 under-insured motorist ("UIM") coverage.

---

[1] Refers to the court's docket entry number.

In October 2007, Fries submitted a UIM claim to State Farm for the policy limit on the basis of past and future medical expenses as well as future income loss. Her claim included her medical bills of $30,377.24, but did not include documentation relating to her income loss. State Farm subsequently contacted Fries in November 2007, and requested documentation to support her claim for loss of earning capacity. Fries responded with a letter stating she was currently working as an independent consultant with Resource Pharmacy in Reno, Nevada at a rate of $35 an hour, but did not include any pre-accident income records.

State Farm again contacted Fries requesting more information including her tax earning or income records before the accident and documentation of any work she performed after the accident in order to evaluate her claim. Eventually, Fries responded with a letter in April 2008, declaring that State Farm already possessed enough information to evaluate her claim and that no more information would be provided.

Ultimately, State Farm conducted an evaluation of Fries's UIM claim in May 2008, without her income information and valued her claim at $95,000. Accordingly, State Farm offered Fries a settlement of $68,000 ($95,000 valuation minus the $25,000 received from other insurer minus $2,000 already paid for medical expenses). Fries counter-offered to settle for $300,000 ($50,000 more than the policy limit) which State Farm declined.

Thereafter, on September 19, 2008, Fries filed a complaint against State Farm alleging three causes of action: (1) breach of contract; (2) violation of Nevada's Unfair Claims Practices Act (NRS § 686A.310 et seq.); and (3) breach of the covenant of good faith and fair dealing. Doc. #1, Exhibit A. State Farm paid Fries the $68,000 valuation and prepared to conduct discovery. During discovery, State Farm requested and finally received information relating to Fries's wage and income loss. State Farm re-evaluated Fries's UIM claim at the policy limit and paid Fries the remaining $157,000 of the UIM policy. Thereafter, State Farm filed the present motion for summary judgment. Doc. #25.

## II. Legal Standard

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact.  *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000).  A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate.  *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983).  A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248.  The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *Id.* at 252.

///

### III. Discussion

#### a. Choice of Law

A district court sitting in diversity applies the choice of law rules of the forum state. *Cleary v. News Corp.*, 30 F.3d 1255, 1265 (9th Cir. 1994). Nevada applies the substantial relationship test to determine which state's substantive law applies in a contract action by examining several factors: (1) the place of contracting; (2) the place of negotiation; (3) the place of performance; (4) the location of the subject matter being covered; and (5) the domicile of the parties. *See William v. United Servs. Auto Ass'n*, 849 P.2d 265, 266 (Nev. 1993) (citing *Sotirakis v. U.S.A.A.*, 787 P.2d 788, 790 (Nev. 1990)).

Here, the court finds that California possesses the requisite substantial relationship with the insurance contract. The policy was purchased in California for a California registered vehicle. Further, performance of the contract was undertaken in California. *See e.g., SEC v. Elmas Trading Corp.*, 683 F.Supp. 743, 751-52 (D. Nev. 1987) (performance is undertaken in the place the contract was formed). Accordingly, California state law applies to the State Farm insurance contract.

Under California law, the total policy limit of a UIM policy is reduced by any amount paid by other insurers. As such, the total payable amount of Fries's State Farm policy is $225,000 ($250,000 limit minus $25,000 received from other insurer).

#### b. Breach of Contract

In order to establish a breach of contract claim, a plaintiff must show: (1) the existence of a valid contract; (2) plaintiff's performance; (3) breach by defendant; and (4) damages. *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000).

Here, State Farm paid the entire UIM policy to Fries thereby satisfying its obligation under the contract and making Fries's claim moot. Further, Fries has received the total policy limit under California law. Thus, she has no claim for damages relating to the contract. *See Hennen v. Streeter*,

31 P.2d 160, 163 (Nev. 1934) (holding a party is not entitled to recover damages for a greater sum than the party would receive if there was a breach of the contract). Accordingly, State Farm is entitled to judgment as a matter of law on the breach of contract claim.

**c. Bad faith**

An insurer acts in bad faith when it refuses "'without proper cause' to compensate the insured for a loss covered by the policy." *Pemberton v. Farmers Ins. Exch.*, 858 P.2d 380, 382 (Nev. 1993) (quoting *United States Fid. & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975)). Such conduct is a breach of the covenant of good faith and fair dealing. *Id*.

In order to establish a prima facie case of bad faith, a plaintiff must establish that "the insurer knew or recklessly disregarded the fact that there was no reasonable basis for disputing coverage." *Powers v. United Servs. Auto. Ass'n*, 962 P.2d 596, 603 (Nev. 1998). "The vital element...is the insurance company's wrongful conduct, not merely in denying a claim incorrectly and, therefore, without "proper" cause, but in denying the claim wrongfully, without any reasonable basis or with the knowledge that it is denying a rightful claim." *Id*. at 620.

The undisputed evidence shows that Fries put forth a UIM claim for medical expenses and lost wages but did not include wage information with her initial claim. The record also shows that State Farm put forth a consistent effort to obtain this wage loss information which it deemed necessary to complete a full evaluation of Fries's claim which requested the policy limit based on her "significant wage and business losses." Without this necessary information, State Farm was unable to determine the overall value of Fries's injuries resulting from the accident.

Fries argues that granting summary judgment is inappropriate because a reasonable juror could find that State Farm's evaluation of Fries's UIM claim six months after the claim was filed was unreasonable. However, the key inquiry is whether State Farm denied the claim wrongfully, without any reasonable basis to do so; not whether the total time, absent an evaluation of the circumstances, between the filing of the claim and the insurer's valuation was reasonable. *Powers*,

962 P.2d at 603. Here, there is no evidence that State Farm wrongfully denied or evaluated Fries's claims based on the information that Fries provided to State Farm. Further, a significant portion of the delay between the filing of the claim and State Farm's evaluation is attributable to Fries because she did not provide the necessary pre-accident and post-accident income documentation until after the litigation was commenced for State Farm to evaluate her "significant wage and business losses."

Based on the present record, the court finds that Fries has failed to establish that State Farm "knew or recklessly disregarded the fact that there was no reasonable basis for disputing coverage." *Powers*, 962 P.2d ay 603. Accordingly, State Farm is entitled to judgment as a matter of law on Fries's bad faith claim.

### d. Statutory Unfair Claims Practices

Fries has also brought suit alleging that State Farm violated Nevada's Unfair Claims Practices Act, NRS § 686A.310. The act specifically identifies what constitutes an unfair practice. *See* NRS 686A.310. In particular, it is an unfair practice for an insurance company to fail to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear. NRS 686A.310(1)(e); *see also Turk v. TIG Ins. Co.*, 616 F.Supp.2d 1044, 1052 (D. Nev. 2009) ("An insured has a cause of action against an insurer if the insurer waits an inordinate amount of time before informing the insured that there is no coverage.").

The court finds that the undisputed evidence shows that State Farm did not wait an inordinate amount of time to re-evaluate Fries's claim. State Farm maintained prompt communications with Fries regarding her UIM claim while repeatedly requesting information necessary to fully evaluate her claim. Further, State Farm evaluated Fries's claim as soon as it became apparent that Fries was not going to supply the requested documentation. Additionally, State Farm immediately re-evaluated Fries's claim upon receiving her income records during discovery.

**e. Punitive Damages**

Under Nevada law, in order to recover punitive damages, a plaintiff must show the defendant acted with oppression, fraud or malice. *Pioneer Chlor Alkali Co. v. National Union Fire Ins. Co.*, 863 F.Supp. 1237, 1250 (D. Nev. 1994). Oppression is a conscious disregard for the rights of others constituting cruel and unjust hardship. *Pioneer Chlor Alkali Co.*, 863 F.Supp. at 1251 (citing *Ainsworth v. Combined Ins. Co. of America*, 763 P.2d 673, 675 (Nev. 1988)). Malice is conduct which is intended to injure a person or despicable conduct which is engaged in with a conscious disregard of the rights and safety of others. *See* NRS § 42.005(1).

Here, the court finds no facts to support an award of punitive damages under NRS 42.005. Fries has failed to proffer any evidence of malice or oppression by State Farm. Further, there is no evidence that State Farm acted with the intent to vex or injure Fries by requesting additional information to evaluate her UIM claim. Therefore, the court finds that there is no basis to support a claim for punitive damages.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment (Doc. #25) is GRANTED.

IT IS FURTHER ORDERED that the clerk of court shall enter judgment accordingly.

IT IS SO ORDERED.

DATED this 19th day of February, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE